CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 13 2007

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00379 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JON SWARTZ, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a Federal inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Riches alleges that the defendants have violated his rights by "trading with the enemy," hacking his computer, and committing copyright infringement, murder, treason, illegal wiretapping, identity theft, phishing, spamming, code cracking, and "federal tort claims." As Riches has not submitted the necessary $350 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request. The court finds that Riches' claims are frivolous and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

I.

Riches names Jon Swartz of USA Today and cardcops.com, "Virginia Tech Shooting," Ed Mierzwinski of U.S. PIRG (a federation of state Public Interest Research Groups), "creditcards.com," "Phishing," and the "World Wide Web" as defendants to his action. Riches alleges that defendant Swartz is a reporter for USA Today and cardcops.com, who writes about

---

[1] The court also notes that none of the named defendants are proper defendants in action pursuant to § 1983. West v. Atkins, 487 U.S. 42 (1988); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). However, the court will not give Riches the opportunity to amend his complaint because his allegations are nevertheless frivolous.

1

cybercrime. Riches alleges that Swartz's stories "show the know how and encourage[] people to commit cybercrime," which, he claims "is entrapment." Swartz allegedly writes about how to commit credit card fraud, encode data on a magnetic strip, and steal someone's identity. "Then he sits back and waits. Then reports the crime to the FBI for whistle blowing money."

Riches further alleges that Swartz "provided Cho [Seung-Hui, the Virginia Tech gunman,] the credit card to buy handguns to shoot Virginia Tech," that he "showed Cho how to boost his credit score to get higher available credit," and that he "showed Cho how to commit identity theft and phishing over the w[orld] w[ide] w[eb]." Riches continues on to state that Swartz is involved in a "vast conspiracy" with defendant Ed Mierzwinski, students of Norris Hall (an engineering classroom building located on the Virginia Tech campus), and "convicted computer hackers and phreakers"[2] to use his online hacking handle "Gino Romano" to publish different ways to "do cybercrime." He also claims that they "hacked [his] mind."

As relief, Riches seeks a restraining order against Swartz and Virginia Tech, preventing them from publishing any articles and ordering them to stay away from Riches, to stop using his "copyrighted name" in newspaper articles, to stop calling him a "super hacker," and to stop violating his "6th Amendment rights to being a[n] identity th[ief] [and] identity fraud kingpin which was not proven by a jury [sic]."

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a

---

[2] "Phreakers" is the slang term for people who study, experiment with, or explore telephone systems, the equipment of telephone companies, and systems connected to public telephone networks. See Wikipedia, http://en.wikipedia.org/wiki/Phreaking (last visited August 8, 2007).

result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." § 1915(e)(2)(B)(i). Fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, Riches' allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court dismisses his complaint as frivolous.

### III.

For the reasons stated, the court will dismiss Riches' complaint without prejudice pursuant to § 1915(e)(2)(B)(i).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This *13th* day of August, 2007.

United States District Judge

---

[3] Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action under this statute, if on three or more occasions, he has brought an action or an appeal in the federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A search on PACER reveals that in addition to having six cases dismissed for failure to comply and seven cases currently pending throughout the United States, Riches already has one strike assessed against him. See Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007). Riches is hereby put on notice that the dismissal of this case as frivolous now counts as his second strike.